NEWSOM v. NORWOOD

(120 S. E., 846)

1. Reformation of Instruments—Allegations Held Not to Show
That Plaintiff Was Seeking Reformation of Deed.—Where in an
action by a vendor to recover for an alleged excess of acreage as-
certained by a survey made subsequent to the delivery of the deed,
the complaint alleged an oral agreement to survey the land' sold,
and to pay vendor for any excess over the stated acreage, and no
demand for a reformation of the deed was made, an allegation that
by inadvertence and mistake the words "more or less" were used
in the deed *held* not to show that plaintiff was seeking a reformation
of the deed.

2. Reformation of Instruments—Matter Omitted Must be Material
and Inconsistent With Plaintiff's Present Claim.—To secure a
reformation of a contract on the ground of mutual mistake it must
appear that the omission or insertion was of some element material
to and affecting the subject matter of the terms of the contract, and
inconsistent with plaintiff's present claim.

3. Reformation of Instruments—Alleged Inadvertent Insertion in
Deed Held to Have no Prejudicial Effect.—The alleged inadver-
tent insertion of the words "more or less" in a deed *held* to have
no prejudicial effect on vendor's claim of any oral agreement to
survey the land sold, and to pay him for any excess over the stated
acreage.

Before Bowman, J., Darlington, April, 1921. Order re-
versed and case remanded for trial, all questions being re-
served.

Action by G. B. Newsom against W. L. Norwood. From
an order withdrawing the case from the jury on the ground
that an equitable issue was involved, plaintiff appeals.

Mr. Jas R. Coggeshall, for appellant, cites: *Action
was for shortage in acreage at an agreed price:* 2 Rich. L.,
127; 2 Hill L., 404; 87 Ill., 481; 29 A. & E. Enc. L. (2nd
Ed.), 631; 39 C. Y. C., 1583. *Parol testimony admissible
to show real consideration of deed:* 2 Hill L., 404; 2 Rich.

Note: On reformation of deed or contract because of mistake as to
its effect, see note in 28 L. R. A. (N. S.), 896.

L., 127; 26 S. C., 310; 64 S. C., 365; 68 S. C., 110; 72 S. C., 410; 133 U. S., 655; 16 N. Y., 537; 52 N. Y., 242. *Unnecessary allegation need not be proven:* 1 McMul., 384; 19 S. C., 62. *If necessary to prove, could be done on law side of the Court:* 113 S. C., 470; 112 S. C., 346.

*Mr. F. A. Miller,* for respondent, cites: *On both legal and equitable issues, Judge, in his discretion, could withdraw case from the jury:* 109 S. C., 363; 54 S. C., 155; 52 S. C., 461. *Reformation of contract necessary to sustain recovery:* 117 S. C., 60; 104 S. C., 461.

January 14, 1924.

Opinion of the Court was delivered by Mr. JUSTICE COTHRAN.

The plaintiff's cause of action is predicated upon the following statement of facts, as we gather them from the complaint, and such evidence as was allowed:

On November 20, 1918, Newsom, who owned a tract of land estimated to contain about eighty-one acres, executed a paper in the form of a receipt, wherein he acknowledged the receipt from Norwood of $2,000 for an option until January 2, 1919, upon said tract of land at $200 per acre; the balance of the purchase price, $14,200, to be paid, and the deed to be executed on January 2, 1919. The receipt contains this provision, after describing the land in a very general way: "Which is to be surveyed by G. B. Newsom, if required." Between the date of the option and its maturity the seller, Newsom, was ill, and the buyer, Norwood, made no demand for a survey. The complaint alleges that when the parties met on January 2, 1919, for the completion of the transaction, the land in the meantime not having been surveyed, it was agreed that it should subsequently be surveyed, and that, if it should be ascertained that the tract contained less than eighty-one acres, Newsom, the vendor, would pay back to Norwood, the buyer, the difference at $200 per acre, and that, if more, Norwood would pay New-

som the difference at the same rate; that it was then agreed that the parties would not wait for the survey, but should proceed, with the understanding that the agreement above stated would be carried out; that the balance of the purchase price was then paid, and the deed executed and delivered; that subsequently the plaintiff and the defendant had the land surveyed, and it was found to contain 88.22 acres, an excess of 7.22 acres, which, at $200 per acre, amounted to $1,440, for which judgment was demanded. The complaint contains also the following allegation:

"That by inadvertence the words 'more or less' were used in the said deed from said plaintiff to defendant, but said words were not intended to be in said deed and were there by mistake of the parties,"—an allegation that has caused all the trouble in the case.

The defendant answered, admitting the original contract, the deed, the payment of the purchase price, and denying the agreement alleged in the complaint and the allegations of mistake, contending that the words were advisedly inserted to cover the plaintiff's guaranty that the minimum acreage should be eighty-one acres. How they were expected to have that effect has not been disclosed.

The case was docketed as a law case upon Calendar I and called for trial before his Honor, Judge Bowman, and a jury at April term, 1921. The only witness produced was the plaintiff, Newsom. The counsel for the plaintiff attempted to prove the agreement set forth in the above extract from the complaint. After the plaintiff had testified that at the time the deed was executed Norwood required a survey of the land, counsel for the defendant moved to strike out that statement. There then ensued an interesting four-handed colloquy between the three counsel engaged and the presiding Judge, extending over twelve pages of the printed record, from which we gather:

Counsel for the defendant contended: (1) That all testimony tending to establish an agreement at the time of

the execution of the deed that a survey be had and a settlement made according to the result was obnoxious to the parol evidence rule.    (2) That there were two causes of action set forth in the complaint:    A cause of action to reform the deed by striking out the words "more or less," equitable in its nature; and a cause of action for the $1,440 under the agreement for a survey, a cause of action at law.    That the legal cause of action depended upon the event of the equitable one, which for that reason should be first tried.    He therefore moved to withdraw the legal cause of action from the jury and remit the plaintiff to the prosecution of his equitable cause of action under the equity practice.

Counsel for the plaintiff contended:    (1) That the legal cause of action was separate and independent of the equitable cause of action, and offered to withdraw the latter, upon which proposition it does not appear that there was any ruling.    (2) That parol evidence of the alleged agreement for a survey and a settlement according to the result was admissible to establish an independent agreement.

The presiding Judge made no ruling upon the defendant's motion to strike out the testimony of Newsom, above referred to, and made no ruling upon the admissibility of the parol evidence which was offered by the plaintiff to establish the agreement, made at the time the deed was executed, to have the land surveyed and settle accordingly.    He sustained the defendant's contention that the equitable cause of action was determinative of the legal one, and should be first tried. He accordingly refused to hear any evidence upon the legal cause of action, and withdrew the case from the jury, by an order as follows:

"It appearing that an equitable issue is involved herein, which, if first tried, may determine the action, it is ordered that this cause be, and the same is hereby, withdrawn from the jury."

The plaintiff has appealed from this order.

Does the complaint state an equitable cause of action, and, if so, would the solution of the issue upon it be so determinative of the plaintiff's rights upon the legal cause of action as to require that the equitable cause of action be first tried?

The complaint alleges:

"That by inadvertence the words 'more or less' were used in the said deed from said plaintiff to defendant, but said words were not intended to be in said deed and were there by mistake of the parties."

There are two circumstances that negative the contention that a cause of action for the reformation of the deed was set up in the complaint: (1) There does not appear anything in the complaint, outside of the foregoing allegation, that leads one to suppose that the plaintiff was seeking a reformation of the deed. The allegation is found in the paragraph which contains the legal cause of action based upon the agreement for a survey, and was evidently inserted to meet a possible contention on the part of the defendant that the words "more or less" were an obstacle to the plaintiff's claim. While not conclusive, it is significant that the prayer for judgment makes no allusion to the reformation of the deed; (2) in order to secure the reformation of a contract on the ground of mutual mistake, it must appear that the omission or insertion was of some element material to and affecting the subject matter or the terms and stipulations of the contract, and inconsistent with those of the parol contract which necessarily preceded it. *Jumper v. Lumber Co.,* 115 S. C., 452; 106 S. E., 473. The insertion of the words "more or less" had absolutely no prejudicial effect upon the contention of the plaintiff; in fact, on the contrary, they indicated an elasticity so far as the acreage was concerned which tended to sustain that contention. The right of the plaintiff to recover upon the alleged agreement depended entirely upon his ability to establish it, notwithstanding the parol evidence rule; the pres-

ence or absence of the words was of no consequence whatever; the solution of the equitable cause of action could not therefore have been determinative of the legal cause of action.

The presiding Judge having refused to hear any evidence upon the legal cause of action, and not having ruled at all upon the question of the admissibility of parol evidence to establish the agreement which was the foundation of the legal cause of action, this question is not properly before this Court for consideration.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the Circuit Court for trial upon the legal issue alleged in the complaint, all questions relating thereto being reserved.

CHIEF JUSTICE GARY and JUSTICES WATTS and MARION concur.

JUSTICE FRASER (dissenting): I cannot concur in the opinion of Mr. Justice Cothran. If the plaintiff stands on his written contract, he has no case. In order to succeed, he must have his written contract changed or reformed. That is an equity case. If the plaintiff's contract is reformed, judgment for the plaintiff follows as a matter of course. If the contract is not changed, the judgment for the defendant follows. It seems to me that is an equitable issue to be determined by the chancellor, and not by the jury.